UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:  06-61886-CIV-MORENO

SAMUEL CLARKE,

    Plaintiff,

vs.

WINN-DIXIE STORES, INC.,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THIS CAUSE came before the Court upon Defendant's Motion for Summary Judgment **(D.E. No. 14)**, filed on **June 15, 2007**.

THE COURT has considered the motion, the response, the reply and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED.  All of the claims in the complaint are dismissed for the reasons stated below.

**I.  BACKGROUND**

In 1989, Samuel Clarke began working at one of Winn-Dixie Stores, Inc.'s grocery stores as a part-time Grocery Stock Associate.  Later that same year, Winn-Dixie promoted Mr. Clarke to full-time Grocery Stock Associate.

In 1993, Winn-Dixie changed Mr. Clarke's computer job code to Assistant Store Manager. Steve Hollingsworth, a former Human Resources manager at Winn-Dixie, made the change.  Winn-

Dixie claims that Mr. Hollingsworth made the change to increase Mr. Clarke's pay without giving him an official promotion because Plaintiff was performing the responsibilities of the store's Grocery Manager who was not doing his job. Winn-Dixie contends that Mr. Hollingsworth did not code Plaintiff as a Grocery Manager because the computer would only accept one Grocery Manager per store. Assistant Store Manager is a higher title than Grocery Manager.

Later in 1993, Mr. Clarke was officially promoted from full-time Grocery Stock Associate to Grocery Manager. Mr. Clarke's job code, however, remained as an Assistant Store Manager.

Mr. Clarke contends that he was officially promoted to Assistant Store Manager on or about June 27, 1997. Mr. Clarke proffers a Certificate of Merit indicating that he underwent training as an Assistant Store Manager at Winn-Dixie University. Winn-Dixie disputes that Mr. Clarke was ever promoted to the position of Assistant Store Manager. Mr. Clarke complains that he was never given the responsibilities of an Assistant Store Manager notwithstanding his promotion to that position.

In May 1999, Winn-Dixie transferred Mr. Clarke to another grocery store: Store No. 278. Winn-Dixie claims that Mr. Clarke's position at Store No. 278 was Grocery Manager notwithstanding his job code as Assistant Store Manager. Mr. Clarke claims that he was given the duties of Grocery Manager notwithstanding his true position of Assistant Store Manager.

In September 2000, Winn-Dixie alleges that it computerized its promotion process. Winn-Dixie claims that all openings for store level positions are posted on an internal computer system for at least three days. Interested employees must post for a position on the computer system. Winn-Dixie alleges that Mr. Clarke at no time posted for any open positions on the computer system. Mr. Clarke claims that only management level employees (excluding Mr. Clarke) had access to the

internal computer system.

In September 2005, Winn-Dixie installed new managers at Store. No. 278. Kevin Waller, a white man, became Store Manager. Austin Hall, a white man, became Co-Manager. Mr. Clarke claims that Mr. Waller knew about Mr. Clarke's job code as an Assistant Store Manager but nevertheless assigned Mr. Clarke the duties of Grocery Manager.

Winn-Dixie transferred Mr. Clarke to Store No. 304 in early 2006 and then to Store No. 304 in February 2006. Mr. Clarke requested both transfers.

On March 31, 2006, Winn-Dixie terminated Mr. Clarke on March 31, 2006. Winn-Dixie told Mr. Clarke that he was discharged because he sexually and physically harassed a subordinate co-worker.

Mr. Clarke filed charges with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations in April 2006. The charges alleged race discrimination and harassment. Mr. Clarke subsequently obtained a right to sue letter.

Mr. Clarke sued Winn-Dixie claiming (1) national origin discrimination, (2) racial discrimination, (3) hostile work environment, and (4) violation of the Fair Labor Standards Act.

Winn-Dixie filed a motion for summary judgment on June 15, 2007 arguing that those claims that occurred more than one year before the filing of the EEOC and Florida Commission on Human Relations complaints are time-barred and that all of Mr. Clarke's claims are unsupported by evidence.

## II. STANDARD FOR SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure authorizes entry of summary judgment where the pleadings and supporting materials show that there is no genuine issue as to any material

fact and that the moving party is entitled to judgment as a matter of law. *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court's focus in reviewing a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

### III.   ANALYSIS

This Court is dismissing all of Mr. Clarke's claims. Mr. Clarke conceded some of the claims in open court at oral argument on the Motion for Summary Judgment and by not responding to those arguments in his responsive brief. The claim for national origin discrimination was not raised in Mr. Clarke's EEOC or Florida Commission on Human Relations complaints and therefore is not actionable. Many of Mr. Clarke's claims are time-barred because they occurred more than one year before he filed his complaints with the EEOC and the Florida Commission on Human Relations. Mr. Clarke's remaining claims of discrimination are not supported by evidence sufficient to survive summary judgment. Mr. Clarke and Winn-Dixie settled Mr. Clarke's claim under the Fair Labor Standards Acts.

### A.   Conceded Claims

Mr. Clarke sued for hostile work environment and discriminatory termination. Winn-Dixie moved for summary judgment on both claims. Mr. Clarke did not respond to either of the requests for summary judgment. Mr. Clarke conceded these claims at oral argument on Winn-Dixie's Motion for Summary Judgment on September 25, 2007. The claims for hostile work environment and discriminatory termination are therefore dismissed.

**B.   National Origin Discrimination Claim**

Mr. Clarke sued Winn-Dixie claiming both national origin discrimination and race discrimination. Mr. Clarke's EEOC and Florida Commission on Human Relations complaints, however, did not include any allegations of national origin discrimination. Several cases indicate that Mr. Clarke must allege national origin discrimination in the EEOC and state complaints to later sue based on national origin discrimination. The first case, Baker v. Buckeye Cellulose Corp., 856 F.2d 167, 169 (11th Cir. 1998), states that a judicial complaint is limited by the scope of the EEOC investigation that "can reasonably be expected to grow out of the charge of discrimination." The second case, Tang v. University of South Florida, 2005 U.S. Dist. LEXIS 38920 (M.D. Fla. 2005), held that charges of race discrimination cannot be reasonably expected to grow out of initial charges of national origin discrimination. *See also* Gaston v. Home Depot USA, 129 F.Supp.2d 1355, 1366 (S.D. Fla. 2001) (holding that failure to allege national origin discrimination in EEOC charge precluding suing on the basis of national origin discrimination). Mr. Clarke's claim for discrimination based on national origin is therefore dismissed because he did not allege national origin discrimination in his EEOC or Florida Commission on Human Relations complaints.

**C.   Statute of Limitations**

A plaintiff alleging discrimination under Title VII must file a complaint with the EEOC within 180 days after the alleged unlawful employment practice occurred. *See* 42 U.S.C. § 2000e-5(e); State College v. Ricks, 449 U.S. 250, 256 (2001). That period is extended to 300 days if the plaintiff has instituted proceedings with the Florida Commission on Human Relations. *See* 42 U.S.C. § 2000e-5(e); Thomas v. Florida Power and Light Co., 764 F.2d 768, 769 (11th Cir. 1985). A plaintiff alleging discrimination under the Florida Civil Rights Act must file a complaint with the

Florida Commission on Human Relations within 365 of the alleged violation. Fla. Stat. § 760.11(1); Woodham v. Blue Cross & Blue Shield of Fla., 829 So.2d 891, 893 (Fla. 2002). Thus, Mr. Clarke must file complaints within 300 days of the discriminatory act under Title VII and within 365 days under the Florida Civil Rights Act. Mr. Clarke filed complaints with the EEOC and the Florida Commission on Human Relations in April 2006. Mr. Clarke's following claims of racial discrimination are thus time-barred:

### 1. Failure to Allow Mr. Clarke to Perform the Duties of an Assistant Store Manager Because of Race

Mr. Clarke claims that he was not allowed to perform the duties of an Assistant Store Manager since his (disputed) promotion to that position in 1997. The initial failure to allow Mr. Clarke to perform the duties of an Assistant Store Manager occurred more than eight years prior to Mr. Clarke's filing his complaints. This alleged failure to allow Mr. Clarke to perform the duties is akin to a claim for failure to promote or demotion. The United States Supreme Court has held that such claims are discrete acts that must occur within the applicable time period to be actionable. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002); Ledbetter v. The Goodyear Tire & Rubber Company, Inc., 127 S. Ct. 2162 (2007); Pengram v. Honeywell, Inc., 361 F.3d 272, 280 (5th Cir. 2004); Cherosky v. Henderson, 330 F.3d 1243, 1247 (9th Cir. 2003). Mr. Clarke's claim for failure to allow him to perform the duties of an Assistant Store Manager because of his race is therefore dismissed.

### 2. Mr. Clarke's Failure to Promote Because of Race Claims

Mr. Clarke alternatively claims that Winn-Dixie failed to promote him at three different times when positions for Assistant Store Manager became available. The first two openings occurred in

2004. The third opening was filled on June 2, 2005. The claims for discriminatory failure to promote based on the 2004 openings are dismissed because those allegations involve events that occurred more than 365 days prior to Mr. Clarke's filing his EEOC complaint and 300 days prior to Mr. Clarke's filing his Florida Commission on Human Relations complaint. The claim for discriminatory failure to promote Mr. Clarke based on the opening filled on June 2, 2005 is dismissed under Title VII because that event occurred more than 300 days prior to Mr. Clarke's filing his EEOC complaint.[1]

### 3. Mr. Clarke's Failure to Compensate Mr. Clarke Based on His Job Title Because of Race

Mr. Clarke also complains that he was paid lower wages and bonuses compared to other Assistant Store Managers. This allegation is a restatement of Mr. Clarke's complaint that Winn-Dixie did not in all respects promote Mr. Clarke to Assistant Store Manager in 1997 or at the time of one of the openings thereafter. This claim is dismissed because it relates either to a demotion or failure to promote that occurred more than one year prior to Mr. Clarke's filing of complaints with the EEOC or the Florida Commission on Human Relations. *See* Ledbetter v. The Goodyear Tire & Rubber Company, Inc., 127 S. Ct. 2162, 20 (2007) ("[C]urrent effects alone cannot breathe life into prior, uncharged discrimination.").

### D. Timely Racial Discrimination Claims

In an employment discrimination case, the plaintiff bears the ultimate burden of proving that Winn-Dixie intentionally discriminated against him. *See* Texas Dept. of Community Affairs v.

---

[1] The allegation that Winn-Dixie discriminated against Mr. Clarke when filling this position is not here dismissed under the Florida Civil Rights Act. The sufficiency of Mr. Clarke's evidence to support this claim, however, is addressed in the next section.

Burdine, 450 U.S. 248, 253 (1981). Because direct evidence of discrimination can be difficult to produce, the Supreme Court, in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), created a framework on the burden of production and order of presentation of proof to analyze circumstantial evidence of discrimination.

Where, as here, there is no direct evidence of racial discrimination, "the plaintiff must produce sufficient evidence to support an inference that the defendant employer based its employment decision on an illegal criterion." Williams v. Vitro Servs. Corp., 144 F.3d 1438, 1441 (11th Cir. 1998). Under McDonnell Douglas, if the plaintiff creates an inference of discrimination by establishing a prima facie case, the burden then shifts to the defendant to articulate a legitimate, non-discriminatory reason for the employment action. If the employer provides a non-discriminatory reason for the employment action, the defendant is entitled to summary judgment unless the plaintiff persuades the trier of fact that the Winn-Dixie intentionally discriminated against the employee despite the defendants proffered lawful reason for its employment decision. *See* Walker v. Mortham, 158 F.3d 1177, 1193 (11th Cir. 1998), cert. denied, 167 F.3d 542 (1999). To satisfy this burden, the defendant need only produce evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus. *See* Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).

      **1.**     **Failure to Promote Mr. Clarke to Assistant Manager Because of Race**

Mr. Clarke advances three theories that are not time-barred to support his claim of racial discrimination. The first is a failure to promote Mr. Clarke to an Assistant Store Manager opening at Store No. 278 filled by Winn-Dixie on June 2, 2005. As noted above, this claim is time-barred under Title VII but is timely under the Florida Civil Rights Act.

Winn-Dixie hired Mr. Timothy Kissane, a white man, to fill the position on June 2, 2005. Winn-Dixie proffers the legitimate, nondiscriminatory reason for hiring Mr. Kissane over Mr. Clarke that Mr. Kissane was better qualified for the position than Mr. Clarke. Mr. Kissane has a college degree and two years experience as an Assistant Manager at another company. In contrast, Mr. Clarke has previous tenure at Winn-Dixie and a Certificate of Merit indicating that Mr. Clarke had undergone Assistant Manager training at Winn-Dixie University.

The burden thus shifts back to Mr. Clarke to provide evidence of racial discrimination. That evidence may include disparity in qualifications. However, such evidence must be "of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff." *See* Cooper v. Southern Co., 390 F.3d 695, 732 (11th Cir. 2004); Robinson v. LaFarge North America, Inc. 2007 U.S. app. LEXIS 14378, 7 (11th Cir. 2007). Additionally, the plaintiff must provide evidence of racial motivation in addition to the evidence that the employer made a mistake. Robinson v. LaFarge North America, Inc., 2007 U.S. app. LEXIS 14378, 7 (11th Cir. 2007).

Mr. Clarke has provided no evidence of racial animus towards him. Mr. Clarke has not provided evidence that the difference between Mr. Clarke's and Mr. Kissane's qualifications were "of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff." Cooper v. Southern Co., 390 F.3d 695, 732 (11th Cir. 2004). Mr. Clarke's claim for racial discrimination based on the failure to promote him to the Assistant Manager position in June 2005 is therefore dismissed.

### 2. Failure to Promote Mr. Clarke to Co-Manager Because of Race

Mr. Clarke asserts a second failure to promote claim based on Winn-Dixie's promotion of

Austin Hall to the Co-Manager position at Store No. 278 in September 2005. The Co-Manager position is higher than Assistant Store Manager. Mr. Clarke asserts that he had worked at Winn-Dixie since 1989 and that he was classified as an Assistant Store Manager since 1997. Mr. Clarke asserts that he should have been promoted to the position of Co-Manager instead of Mr. Hall.

Winn-Dixie responds that Mr. Hall was more (or at least equally) qualified for the promotion to Co-Manager than was Mr. Clarke. Mr. Hall served as an Assistant Store Manager immediately prior to his promotion to Co-Manager and he attended the comprehensive Winn-Dixie University. Winn-Dixie asserts that Mr. Hall attended a more comprehensive program at Winn-Dixie University compared to Mr. Clarke.

The burden thus shifts back to Mr. Clarke to provide evidence of racial discrimination. Mr. Clarke has provided no evidence of racial discrimination. He has also not provided any evidence that could withstand the Cooper standard that "no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff." *Id.* Mr. Clarke's claim for racial discrimination for failure to promote him to the position of Co-Manager in September 2005 is therefore dismissed.

### 3.     Failure to Provide Mr. Clarke with Comparable Advancement Opportunities Because of Race

Mr. Clarke next claims that Winn-Dixie failed to provide him comparable advancement opportunities on account of his race. Mr. Clarke's specific complaint is that "the failure to provide all employees access [sic] to job postings, and the opportunities to acquire the qualifications needed for higher positions, including the failure to permit the plaintiff to function as an assistant store manager from April 1997, deprived the plaintiff of advancement opportunities in comparison to

Kevin Waller, a white male, the current store manager/director of Store 278." *See* Mr. Clarke's Response at pg. 14.

Mr. Clarke has provided no specific examples of failure to provide advancement opportunities. He has provided no evidence or assertions concerning racial motivation for not providing advancement opportunities. Mr. Clarke's claim that Winn-Dixie did not provide him comparable advancement opportunities is therefore dismissed.

### E.  Mr. Clarke's FLSA Claim

The parties stated during oral argument on September 25, 2007 that they have settled Mr. Clarke's FLSA claim. That claim is therefore dismissed.

### IV.  CONCLUSION

All of Mr. Clarke's claims are dismissed. This case is closed. All pending motions are denied as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 12th day of October, 2007.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record